REMAND/MADE JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-1433-GW(MANx) | Date | April 15, 2010 |
| Title | *Robert Morris Levin v. GMAC Mortgage, LLC, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Robert Morris Levin, in pro per

Attorneys Present for Defendants:  
Katherine B. Lee

**PROCEEDINGS:** PLAINTIFF'S MOTION FOR REMAND OR IN THE ALTERNATIVE, TO CONTINUE HEARING ON MOTION TO DISMISS TO GIVE PLAINTIFF AN ADEQUATE OPPORTUNITY TO OPPOSE SAME (filed 03/16/10)

Hearing is held. The tentative circulated is hereby adopted as the Court's final ruling (attached).

For reasons stated on the record, the Court remands the above-entitled action back to the Los Angeles County Superior Court for the State of California (BS123782).

: 02

Initials of Preparer  JG

*Levin v. GMAC Mortgage, LLC, et al.*, Case No. CV-10-1433

Disposition of: 1) Motion for Remand or in the Alternative to Continue Hearing on Motion to Dismiss to Give Plaintiff an Adequate Opportunity to Oppose Same, and 2) Motion to (1) Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and (2) Strike Portions of Plaintiff's Complaint

Despite having opposed Motion 1 (and after briefing was complete on that motion), on April 9, 2010, defendants GMAC Mortgage, LLC, Alvaro G. Demolina and ETS Services (collectively "Defendants") withdrew Motion 2 and, in the course of that withdrawal, indicated that they did not oppose Motion 1 (or at least its result – a remand). In the course of briefing Motion 1, two issues arose which, depending on their resolution, would or might definitively preclude this Court from exercising jurisdiction over this matter, even ignoring Defendants' present position – first, plaintiff Robert Morris Levin ("Plaintiff") argued that Defendants had been served in such a fashion that their removal was untimely, and second, that Plaintiff would willingly dismiss his civil RICO claim, thereby (according to him) eliminating any basis for this Court's subject matter jurisdiction.

Because of the position Defendants took in their April 9, 2010 filing, the Court will remand this matter. It will not, at this time, resolve the question of when Defendants were served with the amended complaint in this matter for purposes of determining whether the removal was timely. However, should Defendants attempt to remove this matter again, that will be at least one issue that will need to be addressed. If Plaintiff wishes to remain in state court, as his proposed dismissal of the RICO claim suggests, he might, once back in state court, file or seek to file another amended complaint eliminating that claim.[1]

---

[1] The Court would note that, in their Notice of Removal, Defendants took the position that Plaintiff's action also arose under the Truth in Lending Act ("TILA"). Though there is no claim denominated as a TILA violation claim in the amended complaint and it would not appear that any of Plaintiff's claims actually "arose under" TILA, this is one other issue Plaintiff may want to attend to in any future amendment of his complaint.

1